KELVIN AUBREY COOKS,            )
                                )
            Plaintiff,           )
                                 )     CV 108-144
                                 )
      v.                         )
                                 )
                                 )
JACKSON E. COX II and WALTER     )
P. DAGENHARDT,                   )
                                 )
            Defendants.          )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned case *pro se*, apparently attempting to raise claims pursuant to 42 U.S.C. §§ 1983 and 1985, as well as various provisions of Georgia Statutes. Because Plaintiff's complaint was filed IFP, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*, but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) (2)(B)(i) & (ii).

### I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Jackson E. Cox II, the Solicitor General of Burke County, and (2) Walter P. Dagenhardt, Plaintiff's public defender for an underlying criminal

case. (Doc. no. 1, pp. 1, 2). On June 13, 2006, Plaintiff was tried and found guilty of criminal trespass and simple battery. (Id. at Ex. 5A, pp. 22, 114). Defendant Cox was the prosecutor in that case, and Defendant Dagenhardt was Plaintiff's defense attorney. (Id. at 12). Plaintiff makes various allegations concerning his criminal proceeding, all with the overarching theory that Defendants conspired against Plaintiff, falsified and forged documents, all of which resulted in his wrongful conviction. (Id.).

Plaintiff maintains that he was denied "due process of the law" because he was not "allowed" to testify and tell his side of the story at his criminal trial.[1] (Id.). Thus, according to Plaintiff, the trial was unfair because the jurors only heard testimony from the "opposing side." (Id.). Furthermore, Plaintiff alleges that he was convicted of a crime for which he was not charged. (Id.). In support of this allegation, Plaintiff provides two copies of the affidavit for his arrest warrant, two copies of the criminal warrant, and the conditional bond papers. (Id. at 6-10). On one copy of the affidavit and on one copy of the warrant, the term "criminal trespass (FVA) . . . 16-7-21" had been scratched out, and the term "Simple Battery (FVA) . . . 16-5-23" had been hand-written in. (Id.). He claims that because the warrant and affidavit were altered, a forgery occurred. (Id. at 12). Additionally, because the bond papers indicate that Plaintiff was before the court on a criminal trespass charge, he maintains that he was convicted of something (simple battery) for which he was not charged. (Id.).

Next, Plaintiff argues that Defendants participated in a conspiracy to keep him from

---

[1] According to Plaintiff, he wanted to testify at his criminal trial; however, Defendant Dagenhardt told Plaintiff that if he (Plaintiff) insisted on testifying, Defendant Dagenhardt would withdraw as his counsel. (Doc. no. 1, p. 13).

2

gaining custody of his child.² (Id.). Plaintiff alleges that "it was later learned that William Fleming (an attorney - who is representing the mother of [his] child in a custody battle) is [the] Burke County Circuit 'Public Defender.'" (Id. at 13). Plaintiff maintains that Defendant Dagenhardt, his court-appointed public defender, "did nothing to win [his] case." (Id.). He also states that all of Defendant Dagenhardt's actions show that he was helping the opposing side to get a wrongful conviction against Plaintiff.³ (Id.). According to Plaintiff, Defendant Dagenhardt was working under William Fleming and notes that accordingly, he had a conflict of interest because of the ongoing child custody proceeding. (Id.). Plaintiff is of the opinion that "[a]ll of these men (Cox, Fleming and Dagenhardt) are familiar with each other and work[] together in this Burke County Circuit." (Id.).

Plaintiff also alleges a purported malicious prosecution claim against Defendant Cox. (Id. at 14). The basis for this claim is that his criminal trial was unfair. In support of this

---

²Plaintiff, simultaneously with his criminal proceeding, was also involved in a child custody "battle" - concerning his minor daughter - with the child's mother. (Doc. no. 1, p. 13).

³As examples of Defendant Dagenhardt's actions that were purportedly made to help the "opposing side," Plaintiff provides the following. First, he notes that for the trial, Defendant Dagenhardt requested that the rule of sequestration be invoked. (Doc. no. 1, p. 13). As such, Plaintiff's mother, who was going to testify at trial, was required to leave the courtroom during the trial. (Id.). Plaintiff argues that he wanted his mother to be present in the courtroom during the trial, but in light of the sequestration, he "was left alone with a hostile court and no support." (Id.). Additionally, Plaintiff argues, "My mother's constitutional rights . . . were violated because she told this man [presumably Defendant Dagenhardt] that she would not testify because she wanted to show her support for me." (Id.).

Plaintiff also expresses his displeasure with Defendant Dagenhardt's decision/recommendation that Plaintiff not testify at his criminal trial. Furthermore, Plaintiff also claims that Defendant Dagenhardt, along with Defendant Cox, "deliberately SUPPRESSED KEY EVIDENCE that would have really helped my case." (Id.).

3

allegation, Plaintiff provides his analysis of the evidence and testimony proffered at his trial and in essence concludes that the state's witnesses, as well as Defendant Cox, were all lying, that Defendant Cox abused his prosecutorial powers, and that the circumstantial evidence was insufficient to find him guilty.[4] (Id. at 14-17). Finally, Plaintiff provides as "proof" of Defendant Cox's purported malicious prosecution the fact that Defendant Cox filed two motions to dismiss Plaintiff's state habeas corpus petition.[5] (Id. at 18). As relief, Plaintiff seeks thirteen million dollars.

## II. DISCUSSION

### A.  Failure to Allege a Conspiracy

To the extent Plaintiff suggests that there was some sort of conspiracy afoot between Defendants Cox and Dagenhardt, such allegations fail to state a claim upon which relief can be granted. That is, a conspiracy claim supported only by conclusory, vague, and general allegations may be dismissed. Kearson v. Southern Bell Tel. & Tel. Co., 763 F.2d 405, 407 (11th Cir. 1985) (*per curiam*); see also Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) ("[A] complaint will be dismissed as insufficient where the allegations it contains are

---

[4]Plaintiff also claims that the presiding judge was "unfair" because the judge believed a particular witness and let this witness "bring lies with no evidence in order to convict me of a crime that [he] did not commit." (Doc. no.1, p. 18). Helpfully, Plaintiff submitted his trial transcript as an exhibit to his complaint. (See Ex. 5A). The transcript clarifies many of the issues raised in Plaintiff's complaint, that for reasons stated *infra*, the Court need not address. Suffice it to say, Plaintiff's complaint does not accurately reflect his criminal proceedings. (See id.). In that same vein, it is noteworthy that this witness to which Plaintiff claimed brought lies with no evidence to convict Plaintiff of a crime he did not commit, was in fact a witness who did not testify at his trial; she merely testified at his sentencing, **after Plaintiff has already been convicted** by a jury. (Id. at 114-143).

[5]Plaintiff submitted the first page of each of Defendant Cox's motions to dismiss the state habeas corpus petition. (See Ex. 2A).

4

vague and conclusory. . . . It is not enough to simply aver in the complaint that a conspiracy existed."). To prove conspiracy under § 1983, a plaintiff must (1) prove the parties had a "meeting of the minds" or reached an understanding to violate the plaintiff's rights and (2) prove an actionable wrong to support the conspiracy. Bailey v. Board of County Comm'rs of Alachua County, Fla., 956 F.2d 1112, 1122 (11th Cir. 1992). "[T]he linchpin for conspiracy is agreement, which presupposes communication . . . ." Id. Here, Plaintiff does not offer any specifics on when or how an agreement between any persons, let alone an agreement involving Defendants Cox and Dagenhardt, may have been reached to violate Plaintiff's rights. Accordingly, Plaintiff has failed to state viable conspiracy claims, and thus, such claims should be dismissed.

### B. Failure to State a Claim against District Attorney

The remainder of Plaintiff's claims against Defendant Cox fail because he is entitled to immunity. "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004). "The prosecutorial function includes initiation and pursuit of criminal prosecution." Id. The allegations against Defendant Cox,[6] only pertain to his traditional duties as counsel for the State in Plaintiff's underlying criminal case, and therefore, he is entitled to absolute immunity. Accordingly, Plaintiff's claims against Defendant Cox should be dismissed.

### C. Failure to State a Claim Against Defense Attorney

Similarly, Plaintiff's remaining claims against Defendant Dagenardt also fail. The

---

[6]As noted *supra*, Plaintiff did not state a claim of conspiracy against Defendant Cox.

Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law.*" West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added). Traditionally, acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49 (internal quotation marks and citation omitted). However, "[i]t is well settled . . . that an attorney, whether court-appointed or privately retained, does not qualify as a state actor for purposes of § 1983 liability." Barnette v. Ernst, Civil Case No. 407-020 (S.D. Ga. Apr. 23, 2007) (Moore, C.J.) (citing Polk County v. Dodson, 454 U.S. 312, 318 n.7 (1981) (finding a lawyer representing a client was not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983)); see also Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a private attorney who was retained to represent a criminal defendant was not acting under color of state law). Plaintiff's counsel was merely performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding and thus was not a person acting under color of state law. Therefore, Plaintiff has not stated a viable claim against Defendant Dagenhardt.

### D. Failure to State a Claim Pursuant to Heck v. Humphrey, 512 U.S. 477 (1994)

Next, the majority of the allegations made by Plaintiff in his complaint pertain to his dissatisfaction with his underlying criminal trial. The Supreme Court has held that, when an inmate's allegations rest on the invalidity of his imprisonment, his 42 U.S.C. § 1983 claim

6

does not accrue until that invalidity is proven. Heck v. Humphrey, 512 U.S. 477, 489-90 (1994). Furthermore, the Supreme Court stated that, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," the complaint must be dismissed, unless the conviction or sentence has already be invalidated. Id. at 487. Conversely, 42 U.S.C. § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983). Indeed, "[a]s the Supreme Court noted, the most obvious example of an action barred by *Heck* is one in which the plaintiff actually 'seek[s] damages directly attributable to conviction or confinement.'" Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting Heck, 512 U.S. at 487 n.6). Simply put, a claim for monetary damages resulting from Plaintiff's alleged unconstitutional conviction or confinement is not cognizable under 42 U.S.C. § 1983. See Heck, 512 U.S. at 483.

Plaintiff submits that, due to the actions of Defendants Cox and Dagenhardt, he was falsely imprisoned for six months. (Doc. no. 1, p. 20). Plaintiff seeks monetary damages directly attributable to his conviction and confinement, and thus, a successful § 1983 action based on Plaintiff's allegations concerning his unfair trial necessarily implies the invalidity of his conviction. Furthermore, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance

of a writ of habeas corpus." Heck, 512 U.S. at 487. Thus, Plaintiff's current allegations are not actionable in a civil rights action. Accordingly, Plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted.

E.   **State Law Claims**

Finally, because Plaintiff has failed to state a federal claim against Defendants, his remaining potential state law claims should also be dismissed. This Court derives its authority to decide Plaintiff's §§ 1983 and 1985 federal claims from 28 U.S.C. § 1331, which provides that district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Id. § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI

Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, as the Court has determined that the claims serving as the basis for original federal court jurisdiction should be dismissed, the Court also concludes that any potential state law claims should be dismissed without prejudice so that Plaintiff may, if he chooses, pursue them in state court.

### III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED.**

SO REPORTED and RECOMMENDED this 14th day of November, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE